UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CESAR RAMON GIRON VELASQUEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-08629 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Cesar Ramon Giron Velasquez is an immigration detainee proceeding with a petition for writ of habeas corpus. He contends that his detention without a custody redetermination hearing—which has nearly surpassed four months—violates his Fifth Amendment Right to due process. *See* Dkt. No. 1 at 6–7. For the reasons that follow, the petition is GRANTED in part, and Respondents are ordered to provide Petitioner with a bond hearing.

Petitioner is a citizen of Honduras who entered the United States at an unknown date and time without inspection by immigration authorities. *See* Dkt. No. 1 at 8. His recent arrest by ICE appears to have been his first interaction with immigration authorities since entering the United States. ICE first "encountered" Petitioner at the Duval County Detention facility following an arrest for armed robbery. Dkt. No. 9 at 6. Petitioner was subsequently convicted for burglary in September 2025. *Id.* at 20. He was transferred to ICE custody in June 2026 following his release from county jail. *Id.* at 6–7; Dkt. No. 1 at 8.

On the day of his transfer, ICE served Petitioner with administrative warrant for his arrest. Dkt. No. 9 at 15. That same day, Petitioner was served a "Notice of Custody Determination" stating that he was detained pursuant to 8 U.S.C. § 1226(a). *Id.* at 18. The Notice

also included a section for Petitioner to complete, through which he could request a custody redetermination hearing from an immigration judge. *Id*. Petitioner completed the section and checked the box stating "I do not request an immigration judge to review this custody determination." *Id*. Accordingly, he has not received a bond hearing.

As both parties agree that Petitioner is detained under § 1226(a) and entitled to a custody redetermination hearing pursuant to that statute, the appropriate relief is a prompt hearing, rather than release. Though this Court and others have ordered release where the Government failed or refused to provide noncitizens with the process they are entitled to under § 1226(a), that does not appear to be the case here. *See Bonilla Vides v. Mullin*, No. 1:26-CV-05956 (VC), 2026 WL 2664617 (E.D. Cal. Sept. 10, 2026); *Sarat v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03868 (VC), 2026 WL 2676915 (E.D. Cal. Sept. 11, 2026); *Torres Huerta v. Facility Adm'r, Cent. Valley Annex Ice Processing Ctr.*, No. 1:26-CV-04609 (VC), 2026 WL 2751763 (E.D. Cal. Sept. 16, 2026). Following arrest upon an administrative warrant under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). Here, Petitioner was arrested on a warrant, was provided a notice informing him of the basis for his custody, and was given an opportunity to request a custody redetermination hearing.

Further, there is no evidence in the record suggesting that Petitioner was entitled to any pre-deprivation process aside from § 1226(a) procedures. Though this Court and others have found that non-citizens previously released by immigration officials on parole are entitled to further process prior to revocation of their parole, Petitioner has not previously been granted parole status by ICE. Additionally, Petitioner has not sought immigration relief since entering the United States, so it cannot be said that "the government's decision not to detain Petitioner" created a liberty interest entitling him to a pre-deprivation hearing before his arrest. *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026). Under these

circumstances a prompt hearing, rather than release, is the appropriate remedy.

Accordingly, the petition for writ of habeas corpus is GRANTED in part. Within fourteen (14) days of this order, Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 18, 2026

VINCE CHHABRIA
United States District Judge